**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Estate of Michael S. Currier,**
**c/o Thomas L. Currier**

      **Plaintiff,**         **Civil Action No. 10-14355**

      vs.                        **District Judge Paul D. Borman**

**Michael J. Astrue,**         **Magistrate Judge Mona K. Majzoub**
**Commissioner of**
**Social Security,**

      **Defendant.**
_____/

## Report and Recommendation

Before the Court is Defendant the Commissioner of Social Security's motion to dismiss Plaintiff Thomas Currier's complaint seeking judicial review of Defendant's denial of Plaintiff's brother's disability benefits request.[1] 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c). (Dkt. 8.) Defendant requests that the Court dismiss Plaintiff's action pursuant to Rule 12(b)(1) because Plaintiff has not shown that he has standing to bring suit in place of his brother–thereby not vesting this Court with subject matter jurisdiction.

The Court has been referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 3.) The Court has reviewed the pleadings, dispenses with a hearing,

---

[1] As Defendant points out, Plaintiff concedes that supplemental security income is no longer at issue. (See Pl.'s Resp. at 9, stating "The ALJ could have dismissed the application for disability benefits if there was not a proper part to the claim, which is what the ALJ did with respect to the SSI application because there was not a survivor eligible to be paid benefits pursuant to the regulations.") The Court therefore, as stated below, grants Defendant's motion on this supplemental security income claim.

and issues this report and recommendation.[2]

**I.     Recommendation**

Because Plaintiff has not established that he has priority to receive any alleged-owing benefits on his brother's behalf, and therefore has not established that he has standing to pursue this federal lawsuit, the Court recommends dismissing Plaintiff's supplemental security income insurance claim with prejudice and Plaintiff's disability insurance benefits claim without prejudice.

**II.    Report**

**A.     Facts**

On November 5, 2004 Michael Currier applied for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title IX of the Act. (Compl. ¶ 5.)

On March 7, 2006 Michael Currier passed away, and Plaintiff, Michael Currier's brother, thereafter filed to substitute himself as a party. (*Id*. ¶ 7.) On December 7, 2007 Plaintiff and his sister appeared and testified at Michael Currier's hearing before the ALJ. (*Id*. ¶ 8.) On February 14, 2008 the ALJ denied Michael Currier's request for benefits. (*Id*.) Plaintiff sought review from the Appeals Council, which, on August 27, 2010, ultimately upheld the ALJ's denial. (*Id*. ¶ 9.)

**B.     Standards**

Because Defendant challenges jurisdiction pursuant to Rule 12(b)(1), Plaintiff bears the burden of proving jurisdiction to survive the motion. *Moir v. Greater Cleveland Reg'l Transit.*

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

*Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If Plaintiff does not meet his burden, and the Court lacks subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3).

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party.
>
> A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.* (emphases and citations removed).

Here, Defendant is challenging the pleadings. Defendant argues that Plaintiff has not established that he has Article III or prudential standing to pursue this claim in federal court.

"Standing to pursue a claim is a threshold question in every federal case." *McGlone v. Bell*, ___ F.3d ___, 2012 1403233, at *7 (6th Cir. Apr. 23, 2012) (citation omitted). "The burden of establishing standing is on the party seeking federal court action." *Id*. (citation omitted). A plaintiff is therefore required to show Article III and prudential standing requirements before he can proceed with his case. *Id*. (citation omitted).

To establish Article III standing, a plaintiff must show:

> (1) [he] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. (citations omitted).

To establish prudential standing,

> (1) a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties; (2) the claim must now be a 'generalized grievance' shared by a large class of citizens; and (3) in statutory cases, the plaintiff's claim must fall within the 'zones of interests' regulated by the statute in question.

*Id.* (citation omitted).

"Standing cannot, however, be inferred from averments in the pleadings, but rather must affirmatively appear in the record; and naked assertions devoid of further factual enhancement will not suffice." *Blanton ex rel Blanton v. Astrue*, 10-2463, 2011 WL 2637224 (N.D.Ohio June 20, 2011), *adopted by* 2011 WL 2637248 (N.D.Ohio July 6, 2011).

### C.  Analysis

The Court agrees with Defendant–Plaintiff has not established that he has standing to pursue this claim in federal court. For Plaintiff to establish standing in this case, he must show that he has the highest priority to receive his brother's disability insurance benefits under 42 U.S.C. § 404(d).

"Section 404(d) and its implementing regulation, 20 C.F.R. § 404.503, authorize distribution of underpayment by the Commissioner to certain individuals according to an established order of priority when the eligible beneficiary dies before the payment is made. The deceased beneficiary's surviving spouse is the first person on the priority list, the spouse is then followed by the child or children of the deceased beneficiary. [After the children, the parents fall next in the priority list.] The seventh and last individual in the statutory order of priority is the legal representative of the estate of the deceased beneficiary. But the estate is not entitled to receive the benefits unless there is no individual who falls under any of the preceding categories of eligible claimants." *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).[3]

---

[3] Plaintiff represented in his complaint that Michael Currier died without a surviving spouse and without children. Both spouses and children would trump parents and the legal

At least one district court in this circuit has addressed the issue raised here. In *Blanton ex rel Blanton v. Astrue*, 10-2463, 2011 WL 2637224 (N.D.Ohio June 20, 2011), *adopted by* 2011 WL 2637248 (N.D.Ohio July 6, 2011), the Commissioner argued that the plaintiff lacked standing to challenge the Commissioner's denial of the claimant's disability insurance benefits because the plaintiff did not show that she was the person with the highest priority to receive the claimant's possible disability insurance benefits. *Blanton*, 2011 WL 2637224, at *3. The court agreed. *Id*. There, the court found that the plaintiff did not provide any basis for standing. *Id*. The plaintiff showed that she was the deceased claimant's mother, but she did not establish that she had priority to receive the benefits, and even acknowledged that the deceased claimant's children had priority over her. *Id*. The court held that the plaintiff failed to establish that she had the actual right to the claimant's possible benefits underpayment and that a deprivation of her right to the underpayment was imminent. *Id*. The court further held that "[the plaintiff's] alleged injury of being deprived of her legal interest in any underpayment is hypothetical because [the plaintiff] would be entitled to receive such an underpayment *only if* the claimant's surviving spouse or children were ineligible to receive it." *Id*. The hypothetical aspect of the plaintiff's claim, the court reasoned, violated the "injury in fact" prong of the standing doctrine, because the claim was not "concrete and particularized." *Id*. (citation omitted). *See also Sandiford v. Astrue*, 08-294, 2009 WL 2901670, at * (M.D.Fla. Sept. 4, 2009) (holding that a Social Security claimant's sister was not a proper party for substitution "absent a showing that no other individual(s) qualify under the classes described in 42 U.S.C. § 404(d)(1-6) *and* that she is the legal representative of [the claimant's] estate.")

---

representative. 42 U.S.C. § 404(d)(1) and (2). Because Plaintiff has represented that no spouses or children exist, the Court, on this motion to dismiss, accepts those factual allegations as true.

5

(emphasis in original).

Here, Plaintiff argues that he is entitled to his deceased brother's benefits for two reasons. Plaintiff argues several times that he filed a substitution of party with the Social Security Administration, for his deceased brother . . . because Michael Currier was never married and had no children." (Pl.'s Resp. at 12.) Plaintiff further argues that he appeared at his deceased's brother's hearing and that "[t]he ALJ could have dismissed the application for disability benefits if there was not a property party to the claim[.]" (*Id.*)  Plaintiff may have appeared at the hearing, and may have filed a substitution, but those facts, alone, do not establish that Plaintiff can sustain a claim in this Court.  And to do so, he must establish that he has priority over all others to sustain the claim.

Plaintiff has failed to establish that his brother's parents are no longer living and that he is the executor or representative of his brother's estate.  He therefore has failed to establish that he has highest priority to make a claim or that he even has a claim in accordance with 42 U.S.C. § 404(d). By failing to establish his priority, he has not met his burden to show he has standing in this case. Dismissal for lack of standing/subject matter jurisdiction is therefore appropriate.

The Court therefore recommends that Defendant's motion to dismiss Plaintiff's complaint should be granted with prejudice with respect to Plaintiff's supplement security income claim and without prejudice as to Plaintiff's disability insurance benefits claim.[4]

### Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation,

---

[4]*See B. & V. Distributing Co., Inc. v. Dottore Companies, LLC*, 278 F. App'x 480 (6th Cir. 2008) (stating that the lack of standing, like the lack of subject matter jurisdiction generally, "mandates a dismissal without prejudice.") (citation omitted).

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 18, 2012             s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:   June 18, 2012           s/ Lisa C. Bartlett
                                 Case Manager